UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ORESTE BRUZON, <br><br>  Plaintiff, <br><br> v. <br><br> DRUG ENFORCEMENT ADMINISTRATION, <br><br>  Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 07-01393 (EGS) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The Defendant, through counsel, the United States Attorney for the District of Columbia, respectfully submits this memorandum of points and authorities in opposition to Plaintiff's motion for summary judgment. Plaintiff's Motion for Summary Judgment is not styled as a cross-motion nor does it appear to be filed in opposition or response to Defendant's Motion for Summary Judgment. Defendant incorporates its memorandum of points and authorities in support of its Motion for Summary Judgment and relies on the following additional points and authorities.

### ARGUMENT

**Plaintiff Cannot Obtain Habeas Relief**

While Plaintiff's motion could have been written using more understandable prose, Plaintiff consistently argues his innocence in his criminal case in this motion for summary judgment. Since this is a case filed under the Freedom of Information Act (FOIA), Plaintiff's guilt or innocence in his criminal case clearly is not an issue. In fact, Plaintiff's arguments suggest that he is attempting to use this civil action to lessen his sentence, a matter properly advanced using a court's habeas

jurisdiction. Anyanwutaku v. Moore, 151 F.3d 1053, 1056 (D.C. Cir.1998) (claims required to be brought under court's habeas jurisdiction " 'necessarily imply,' or automatically result in, a speedier release from prison"). In Razzoli v. Federal Bureau of Prisons, 230 F.3d 371, 373 (D.C. Cir. 2000), the Court of Appeals clearly pointed out that a person imprisoned outside of the District of Columbia cannot challenge in this district the legality or duration of his confinement. Certainly the arguments advanced by Plaintiff would have a probabilistic impact on the length of his sentence. Accordingly, Plaintiff must file a petition for habeas corpus in the district of his confinement to obtain the relief from his sentence which he seeks. Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 580 (D.C. Cir. 2002). The Supreme Court has cautioned against liberally construing and proceeding with civil actions as if filed as a § 2255 habeas petition. Rumsfeld v. Padilla, 542 U.S. 426 (2004).[1]

**Defendant's Summary Judgment Motion Should be Granted**

As Defendant argues in its Motion for Summary Judgment, Plaintiff failed to exhaust administrative remedies as required. Specifically, Plaintiff filed this action before the Drug Enforcement Administration (DEA) had finished processing his FOIA request and before filing an appeal of DEA's administrative determination, as required. See Declaration of William Little ("Little Dec"), ¶¶ 22-23; Declaration of Priscilla Jones ("Jones Dec"), ¶ 2.[2] Plaintiff's failure to exhaust administrative remedies deprives this Court of subject matter jurisdiction making his FOIA suit susceptible to ready dismissal because "exhaustion of administrative remedies is a mandatory

---

[1] Although pro se filings generally are construed more liberally, Plaintiff has failed to comply with Local Civil Rule 7(h), requiring a separate statement of facts as to which there are no genuine issues.

[2] The Little Dec and Jones Dec are attached to Defendant's Memorandum of Points and Authorities in support of its Motion for Summary Judgment.

prerequisite to a lawsuit under FOIA." Wilbur v. CIA, 355 F.3d 675, 676 (D.C. Cir. 2004) (*per curiam*) (citing Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 61-64, 65 n.9 (D.C. Cir. 1990)).

Even if Plaintiff had properly exhausted, Plaintiff's suit also fails on the merits. The record clearly establishes that the DEA conducted a reasonable search in response to Plaintiff's FOIA request. During the administrative processing of Plaintiff's request, the DEA thoroughly searched its records (Little Dec, ¶ 47-51) and responded to Plaintiff's request (Id. ¶ 20). The DEA informed Plaintiff of the results of its search (Id. ¶ 20) & Exhibit J) and of his right to appeal their determinations (Id. ¶ 13).

The DEA further properly relied on FOIA Exemptions (b)(2), (b)(7)(C), (b)(7)(D), and (b)(7)(F) and on Privacy Act (PA) Exemption (j)(2) to withhold from release information requested by Plaintiff. The DEA properly relied on FOIA Exemption (b)(2) to withhold documents requested by Plaintiff containing "violator identifiers" consisting of a G-DEP (Geographical Drug Enforcement Program) code, a NADDIS number, and a DEA confidential informant code. Little Dec, ¶ 57. This decision was fully supported by the fact that the G-DEP, NADDIS, and confidential informant codes are part of DEA's internal system of identifying information and individuals. Id. These internal codes contain sensitive information about matters including the types and amount of suspected drugs involved, the priority of the investigation, the suspected location and scope of criminal activity, the identity of drug violators, and the identity of informants. Little Dec, ¶¶ 57(a)-(c); 58. The release of this information could allow suspects to decode this information and change their pattern of drug trafficking in an effort to respond to information known to DEA, to avoid detection and apprehension and possibly to fashion alibis for suspected activities. Id. at ¶ 58.

Defendant properly applied Exemption 7(C) to information in documents responsive to Plaintiff's FOIA request. DEA has the requisite law enforcement purpose within the meaning of this exemption because investigative jurisdiction derives from the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801, *et seq*. Little Dec, ¶ 60. The documents processed in response to Plaintiff's FOIA request contain names and other identifying information that would reveal the identity of and disclose personal information about individuals who were involved or associated with Plaintiff or with a law enforcement investigation. Little Dec, ¶ 62. In this case, it was determined that there was no legitimate public interest in the information withheld under exemption (b)(7)(C), and release of any information about a third party would constitute an unwarranted invasion of that third party's personal privacy. Id. ¶ 64.

Defendant asserted Exemption 7(D) to withhold the DEA 7 reports in part, and the DEA 6 in its entirety, which contained information that would disclose the identity of, and the information provided by, a confidential source. Little Dec, ¶ 68. Exemption 7(D) affords protection from disclosure of all the information furnished by third-party sources to federal state, and local law enforcement investigations, as well as the actual identity of the cooperating individual, if there has been an explicit assurance of confidentiality, or circumstances exist from which such an assurance could reasonably be inferred. U.S. Dept. of Justice v. Landano, 508 U.S. 165 (1993). In this case, the DEA 6 and DEA 7 contained information furnished by a third-party source, who was given an explicit assurance of confidentiality. Little Dec, ¶ 70. Therefore, the DEA properly applied Exemption 7(D) to justify withholding these documents.

DEA properly relied on Exemption 7(F) to withhold the names of DEA Special Agents, Supervisory Special Agents, United States Customs Service (USCS) Agents, other Federal law

enforcement personnel, state or local law enforcement officers and confidential sources of information. Little Dec, ¶ 72. Exemption (b)(7)(F) sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to endanger the life or physical safety of an individual. Id. The DEA could reasonably anticipate that other law enforcement officers would become targets of such abuse if they were associated with DEA's enforcement operations because previous releases of the identities of DEA Special Agents had resulted in several instances of physical attacks, threats, harassment and attempted murder of undercover and other DEA Special Agents. Little Dec, ¶ 74.

The DEA further correctly applied PA Exemption (j)(2). After a thorough search of DEA's Investigative Reporting and Filing System ("IRFS"), responding officials found reports labeled DEA Drug Exhibit 6 and the associated report of investigation (ROI) contained in DEA Investigative Case File No. G3-0100, which documents did not correspond to the description of the record sought by Plaintiff in his request. Little Dec, ¶ 52. To the contrary, these reports relate to another person and, if released, could disclose the identity of a coded confidential source. Id.

Plaintiff's FOIA request clearly did not constitute a routine use, and Plaintiff did not provide a release authorization or proof of death for the release of any third-party information. Moreover, the DEA has not received a court order requiring the release of the information to Plaintiff. Little Dec, ¶ 55. Further, release is not required by FOIA Exemptions (b)(2), (b)(7)(C), (b)(7)(D), and (b)(7)(F). Id. Accordingly, Defendant properly withheld the requested records under PA Exemption (j)(2).

## **CONCLUSION**

WHEREFORE, the Defendant respectfully submits that the Court should deny Plaintiff's motion for summary judgement, grant Defendant's motion for summary judgment, and enter judgment in its favor.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.,
Washington, D.C. 20530
(202) 616-0739

Counsel for the Defendant

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing Memorandum in Opposition to Plaintiff's Motion for Summary Judgment was served upon *pro se* plaintiff by depositing copies in the U.S. Mail, first class postage prepaid, addressed to:

**ORESTE BRUZON**
**No. 43855-019**
**COLEMAN LOW**
**FEDERAL CORRECTIONAL INSTITUTION**
**Inmate Mail/Parcels**
**P.O. BOX 1031**
**COLEMAN, FL 33521**

on this 8th day of November 2007.

                                                    /s/
                                        OLIVER W. McDANIEL
                                        Assistant United States Attorney
                                        Civil Division
                                        555 4th Street, N.W.,
                                        Washington, D.C. 20530