UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ORESTE BRUZON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DRUG ENFORCEMENT ADMIN., )<br>)<br>Defendant. )<br>) | Civil Action No. 07-1393 (EGS) |

**MEMORANDUM OPINION**

Plaintiff Oreste Bruzon, a prisoner under federal sentence, sued the Drug Enforcement Administration ("DEA") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). The DEA has filed a motion for summary judgment, asserting that Bruzon did not exhaust his administrative remedies before filing this law suit. Bruzon has not offered any evidence to show that he exhausted his administrative remedies, but has filed a motion styled as one for summary judgment. Because the record evidence establishes that Bruzon did not exhaust his administrative remedies, the DEA's motion for summary judgment will be granted and the plaintiff's motion will be denied.

Factual Background

There is no genuine dispute regarding the relevant facts. In a letter dated June 13, 2006, Bruzon cited his criminal case number and requested (a) any information that the DEA had compiled regarding Bruzon, (b) identification of any agencies to which the DEA had released information about Bruzon, (c) a copy of the DEA's FOIA regulations, and (d) the full

investigative report relating to trial Exhibit #6 pertaining to 490.6 grams of cocaine, used in Bruzon's criminal trial.  (Decl. of William C. Little, Oct. 3, 2007 ("Little Decl.") ¶ 11.)  The DEA did not acknowledge the request until October 5, 2006.  (*Id.* ¶ 14.)  In the months between the request and acknowledgment, Bruzon "appealed" the DEA's failure to respond.  (*Id.* ¶ 12.)  The agency responded to Bruzon's attempted appeal, stating in pertinent part that the "regulations provide for an administrative appeal only after there has been an adverse determination," and that because no adverse determination had been made, there was no action to consider on appeal.  (Letter to Bruzon, Sept. 19, 2006, Little Decl. Ex. C; *see also* Little Decl. ¶ 13.).  That letter went on to advise Bruzon that "the Freedom of Information Act itself contemplates judicial review, rather than an administrative appeal, when an agency has failed to respond to a request within the statutory time limits."  (*Id.*)  Bruzon did not file his lawsuit before the DEA responded to his FOIA request on October 5, 2006.

After more correspondence between the agency and Bruzon, made confusing by the agency's slow responses, Bruzon's FOIA request was placed in a queue for processing in January 2007.  (Little Decl. ¶¶ 15-19.)  By letter dated February 27, 2007, the DEA reported to Bruzon that it had located four pages of responsive information, released one of the four pages, and identified a variety of FOIA exemptions for withholding the other three pages.  (*Id.* ¶ 20.)  That letter also stated that "[i]f you wish to appeal any denial of your request, you may do so within sixty (60) days from the date of this letter pursuant to 28 C.F.R. 16.9.  The appeal should be sent to the following address, with the envelope marked 'FOIA Appeal':  Co-Director, Office of Information and Privacy, NYAV Building, 11th Floor, Washington, D.C. 20530."  (Letter to Bruzon, Feb. 27, 2007, Little Decl. Ex. I)  Shortly thereafter, Bruzon wrote to the DEA, stating

that he had not received the one released page that supposedly had been forwarded to him. (Little Decl. ¶ 21.) There is no evidence that Bruzon filed a FOIA appeal within the 60 days allowed, or exhausted his administrative remedies. (*Id.* ¶¶ 22-23.) Bruzon filed this lawsuit on July 31, 2007.

Discussion

The DEA has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Summary judgment may be granted only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Burke v. Gould,* 286 F.3d 513, 517 (D.C. Cir. 2002). A material fact is one that is capable of affecting the outcome of the litigation. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986). A genuine issue is one where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," *id.,* as opposed to evidence that "is so one-sided that one party must prevail as a matter of law." *Id.* at 252. A court considering a motion for summary judgment must draw all "justifiable inferences" from the evidence in favor of the nonmovant. *Id.* at 255. The nonmoving party, however, must do more than merely establish some "metaphysical doubt;" rather, the nonmovant must come forward with "specific facts" demonstrating a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).

In a FOIA case, "[e]xhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision. . . . The exhaustion

requirement also allows the top managers of an agency to correct mistakes made at lower levels and thereby obviates unnecessary judicial review." *Oglesby v. U.S. Dep't of Army,* 920 F.2d 57, 61 (D.C. Cir. 1990) citing *McKart v. United States*, 395 U.S. 185, 194 (1969)); *see also Dettmann v. U.S. Dep't of Justice*, 802 F.2d 1472, 1476 (D.C. Cir. 1986) ("It goes without saying that exhaustion of remedies is required in FOIA cases.") (citing *Stebbins v. Nationwide Mut. Ins. Co.*, 757 F.2d 364, 366 (D.C. Cir. 1985)).  Ordinarily, then, exhaustion of administrative remedies is a "condition precedent" to filing suit, and failure to exhaust operates as a "jurisprudential doctrine" to bar premature judicial review when, as is the case with FOIA, the purposes of exhaustion and the particular administrative scheme support such a bar. *Hidalgo v. F.B.I.,* 344 F.3d 1256, 1258, 1260 (D.C. Cir. 2003) (remanding for dismissal for failure to state a claim upon which relief may be granted).  In short, exhaustion of administrative remedies in a FOIA case is treated as an element of a FOIA claim, which, as with all elements of any claim, must be proved by the plaintiff in order to prevail.  As an exception to the general rule requiring actual exhaustion, where an agency does not respond to a request within the time allowed by statute, 5 U.S.C. § 552(a)(6)(A)(i) & (ii), a requestor is deemed to have constructively exhausted his administrative remedies, § 552(a)(6)(C), but only if the agency has not responded before the requestor files suit, *Oglesby,* 920 F.2d at 61.

      Here, it is uncontested that Bruzon filed this lawsuit after the agency had responded to his FOIA request, but before he had exhausted his administrative remedies.  Thus, Bruzon has failed to establish a condition precedent to, an element of, his FOIA claim.  For this reason, the DEA is entitled to judgment as a matter of law in this action and Bruzon is not.  Accordingly, the DEA's

motion for summary judgment will be granted and Bruzon's will be denied. A separate order of this same date accompanies this memorandum opinion.

Date:  September 12, 2008

/s/
EMMET G. SULLIVAN
United States District Judge